MESSMORE ET AL., APPELLANTS, *v.*
MONARCH MACHINE TOOL CO.,
APPELLEE.

(No. 11070—Decided
September 28, 1983.)

*Mr. Maurice L. Heller, Mr. Harlan
M. Gordon* and *Mr. Richard C. Alkire,* for
appellants.

*Mr. Philip E. Howes* and *Mr. Douglas
N. Godshall,* for appellee.

GEORGE, J. The plaintiffs Hyatt and
Helen Messmore appeal the trial court's
decision granting the defendant Monarch
Machine Tool Co.'s motion for judgment
notwithstanding the verdict.

On February 4, 1977, Hyatt Mess-
more was injured while operating a lathe
manufactured by Monarch. Hyatt suf-
fered severe injuries to his head, render-
ing him permanently brain-damaged with
traumatic epilepsy.

The trial commenced on March 23,
1982. Hyatt sought recovery under the
theories that the lathe was defective; that
it was negligently designed; and that it
had inadequate guarding for the safety
and protection of the lathe operator.
Monarch argued that Hyatt was guilty of
contributory negligence by improperly
operating the lathe. Helen sought
recovery for loss of consortium.

The jury was instructed to apply the
law of comparative negligence under R.C.
2315.19. Thereafter a verdict was
rendered for Hyatt based on Monarch's
negligence for design defects, and for
Helen due to loss of consortium. Inter-
rogatories submitted and answered by the
jury revealed that the jury determined
Hyatt to be negligent to the extent of
thirty-six percent. The jury awarded
damages of $400,000 to Hyatt and
$175,000 to Helen.

On February 4, 1983, the trial court
entered judgment notwithstanding the
verdict for Monarch, finding that Hyatt's
contributory negligence was a bar to both
Hyatt's and Helen's recovery from
Monarch. This decision was based on the
Ohio Supreme Court's holding in *Viers* v.
*Dunlap* (1982), 1 Ohio St. 3d 173, which
concerned the application of Ohio's com-
parative negligence statute.

### Assignment of Error A

"The trial court erred in granting
defendant's motion for judgment not-
withstanding the verdict. Rather, plain-
tiffs were entitled to judgment based
upon the jury's verdict."

*Viers* v. *Dunlap, supra,* held that
Ohio's comparative negligence statute ap-
plied only to causes of action arising after
June 20, 1980, the effective date of the
statute. Thus, causes of action arising
prior to June 20, 1980 were governed by

the law of contributory negligence. Since Hyatt's injury occurred on February 4, 1977, the trial court applied the principles of contributory negligence. As a result, Hyatt's negligence served as a complete bar to recovery.

Though the trial court's application of contributory negligence was based on sound case law then existing, the recent Ohio Supreme Court ruling in *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, compels this court to reverse that judgment. *Wilfong* v. *Batdorf, supra,* paragraph three of the syllabus, holds that:

"The principle of comparative negligence, consistent with the provisions of R.C. 2315.19, applies to all negligence actions tried after June 20, 1980, irrespective when the cause of action arose, as part of the common law of Ohio. (*Viers* v. *Dunlap,* 1 Ohio St. 3d 173, and *Straub* v. *Voss,* 1 Ohio St. 3d 182, to the extent inconsistent herewith, overruled.)"

Since the trial in this case commenced on March 23, 1982, the principles of law relating to comparative negligence were applicable. The constitutional aspects of retroactive application of R.C. 2315.19, as raised by Monarch in its supplemental brief, have been decided by the Ohio Supreme Court in *Wilfong* v. *Batdorf, supra.*

Further, in its supplemental brief, Monarch claims that the application of *Wilfong* v. *Batdorf, supra,* to the instant case would deny Monarch the right to an appellate review of the original proceedings. Thus, Monarch claims that its due process and equal protection rights would be violated.

This argument is without merit because Monarch did have the opportunity for appellate review. Under App. R. 16 and R.C. 2505.22, Monarch had the opportunity to raise cross-assignments of error with the filing of its brief. This would have preserved Monarch's alleged errors concerning the original proceedings. This court would then have ruled upon those cross-assignments of error.

Thus, the entering of judgment notwithstanding the verdict against plaintiffs was error. The trial court should have modified the jury verdict by a reduction of thirty-six percent, representing that percentage of negligence attributable to Hyatt, and rendered judgment accordingly. R.C. 2315.19. Therefore, this assignment of error is sustained.

### Assignment of Error L

"The trial court erred in reducing pro tanto the loss of services claim of plaintiff Helen Messmore by the percentage of negligence attributed to Hyatt Messmore since such claim is clearly not derivative of plaintiff Hyatt Messmore's claim."

R.C. 2315.19(C) reads in part:

"After the court makes its findings of fact or after the jury returns its general verdict accompanied by answers to interrogatories, the court shall diminish the total amount of damages recoverable by an amount that is proportionately equal to the percentage of negligence of the person bringing the action, which percentage is determined pursuant to division (B) of this section. * * *"

Helen argues that her right to recover for loss of consortium is a separate cause of action, independent of Hyatt's right to recover. Therefore, Helen argues that the jury award representing the loss of consortium should not be reduced by the percentage of Hyatt's negligence.

Since the adoption of the comparative negligence statute, Ohio courts have yet to address this issue. However, in the case of *Schiltz* v. *Meyer* (1972), 32 Ohio App. 2d 221 [58 O.O.2d 247], paragraph one of the syllabus, the court held that:

"Where the Ohio 'guest statute' bars an action for personal injury, such statute is likewise applicable to an action for a loss of consortium and medical expenses based on the injurious occurrence."

Therefore, a cause of action based upon a loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a

primary cause of action and can be maintained only so long as the primary action continues. It logically follows therefrom that a derivative action cannot afford greater relief than that relief which would be permitted under the primary cause of action.

Should the injured spouse be found to be negligent, the injured spouse is prohibited from recovering damages to the extent of his or her negligence. R.C. 2315.19(C). Likewise, the spouse bringing a derivative action is prohibited from recovering damages to the extent of the injured spouse's negligence.

The Wisconsin Supreme Court, in interpreting that state's comparative negligence statute, held:

"A workable construction, consistent with the statute, that will allow recovery in derivative actions where the causal negligence of the person against whom recovery is sought is greater than either the husband or wife can be accomplished by reducing the entire award for * * * loss of consortium by the percentage of negligence attributed to the injured spouse * * *." *White* v. *Lunder* (1975), 66 Wis. 2d 563, 575, 225 N.W. 2d 442.

Therefore, this court holds that in this derivative action, the award for the loss of consortium cannot exceed that percentage of damages recoverable by the injured spouse. Such an award must be reduced by an amount that is proportionately equal to the percentage of negligence of the injured spouse in accordance with R.C. 2315.19(C). Accordingly, the assignment of error designated as L is overruled. * * *[1]

The disposition of Assignment of Error A renders Assignments of Error B through K moot.

The judgment is reversed and the cause is remanded to the trial court for such additional proceedings and entries as may be consistent with this court's decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and MAHONEY, J., concur.

_____

[1] The text of the opinion as it appears herein was abridged by Judge George.