**Ladrach v. Booth**
*[Cite as 2 AOA 496]*

*Case No. 2528*
*Wayne County, (9th)*
*Decided April 18, 1990*

*Civ. R. 25(B)*
*Civ. R. 37(B)*

*Charles A. Kennedy, Attorney at Law, 558 N. Market St., Wooster, OH 44961 for Plaintiffs.*

*Don L. Reynolds, Attorney at Law, 441 W. Liberty St., P. O. Box 943-E, Wooster, OH 44691 for Defendants.*

*Craig G. Pelini, Attorney at Law, 800 William R. Day Bldg., 121 Cleveland Ave., S., Canton, OH 44702 for Defendants.*

*Per Curiam.*

Plaintiff-appellants appeal the order of the trial court dismissing the instant action as a sanction for failure to provide discovery. We reverse.

The instant case arose out of two automobile accidents involving plaintiff-appellant, Jerry J. Ladrach. The original action was dismissed without prejudice following appellant's failure to provide discovery, his deposition having been terminated when he was unable to endure deposition questioning and struck counsel for the appellee.

Upon refiling of the case, discovery again commenced with the appellees serving notice to depose Jerry. Appellant's counsel then filed a motion for a protective order on the ground that Jerry was mentally incompetent to testify. Appellant's counsel also filed a motion to substitute plaintiff-appellant, Mary J. Ladrach, as party in her capacity as guardian for Jerry.

Appellees then filed a motion for Jerry to submit to a psychological evaluation. The trial court granted the motion for the psychological evaluation and denied appellant's motions. Nevertheless, Jerry did not appear for the scheduled psychological evaluation. The trial court denied the motion to dismiss, but imposed sanctions pursuant to Civ. R. 37. The order that appellant's claims would be limited to Jerry's claimed physical injuries arising out of the automobile accidents. The above sanction was to be deferred if Jerry submitted to the psychological evaluation within forty-five days. The appellants were also assessed the costs of the previously scheduled evaluation.

Jerry did later submit to a psychological evaluation, and the findings of the psychologist were submitted to the trial court. The appellees once again gave notice to appellants to appear for scheduled depositions. Appellants filed a further motion for a protective order. The trial court denied appellant's motion.

Jerry did appear at a scheduled deposition as ordered by the trial court. However, the deposition was once again terminated when Jerry became enraged and threw hot coffee at appellee's counsel.

The appellees subsequently moved to dismiss the case for appellant's failure to comply with the discovery orders of the trial court. The trial court granted the motion with prejudice, and Jerry and Mary Ladrach now appeal.

### ASSIGNMENT OF ERROR I

"The trial court erred as a matter of law by failing to substitute Guardian as a party for plaintiff, Jerry J. Ladrach, before ruling on Motions for protective order, psychological examinations, dismissal and sanctions."

Appellants assert that the trial court erred in failing to substitute Mary J. Ladrach, guardian for Jerry Ladrach, as the proper party in the instant action.

Civ. R. 25(B) provides:

"If a party is adjudged incompetent, the court upon motion served as provided in subdivision (A) of this rule shall allow the action to be continued by or against his representative."

The record reveals that the Probate Division of the Wayne County Court of Common Pleas adjudicated Jerry incompetent on September 1, 1987. On March 7, 1988, appellants filed a motion to substitute Mary, Jerry's guardian, as the proper party in the instant action. The trial court, however, did not allow the substitution prior to the trial court's dismissal of the action.

Civ. R. 25 requires substitution of parties upon a finding of incompetency. However, an appellate court will not reverse a judgment on the basis of any error that is harmless. Civ. R. 61. Harmless error is one which does not affect the substantial rights of the parties. *Id.; Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 457.

In the case *sub judice*, Mary was a party to the action and represented by the same counsel as Jerry. Mary received notice of all motions and discovery orders. Moreover, following the motion for substitution, the trial court directed several discovery orders to Mary in her capacity as Jerry's guardian.

Although the trial court erred in failing to substitute Mary as the proper party in the instant action, we hold that such failure was not prejudicial to the appellants, and therefore, the error is harmless. The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The trial court abused its discretion to the prejudice of the plaintiff-appellants Ladrach by

dismissing this case (Judgment Entry, September 25, 1989) because Jerry J. Ladrach was mentally unable to withstand the taking of his deposition."

Appellants assert that the trial court abused its discretion in dismissing appellant's action.

Civ. R. 37(B)(2) provides various sanctions for failure to comply with discovery, with dismissal of the action being the most harsh. *Russo* v. *Goodyear Tire & Rubber Co.* (1987),36 Ohio App. 3d 175, 178. It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. *Id.* The reviewing court cannot substitute its judgment for that of the trial court. *Id.* at 179. The reviewing court, however, may reverse the trial court's decision if the degree of the sanction is disproportionate to the seriousness of the discovery infraction, and such decision by the trial court was arbitrary and an abuse of discretion. *Id.* An abuse of discretion is more than an error of law or judgment, but implies that the attitude on the part of the trial court is unreasonable, arbitrary or unconscionable. *Ruwe v.Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61.

In the case *sub judice*, we hold that the trial court abused its discretion in dismissing appellant's action with prejudice. The record reveals that Jerry's failure to comply with the discovery orders was not due to any willfulness or bad faith. *Russo, supra;* See *Rauchenstein* v. *Kroger Co.* (1981), 3 Ohio App. 3d 178, 180. There was evidence on the record that the failure to comply with the discovery orders was due to reasons beyond Jerry's control, such reason being mental illness. *Id.* Perhaps the proper sanction should have been to prohibit Jerry from testifying at trial. Nevertheless, dismissal of the action with prejudice under the instant facts is much too harsh a sanction, and such sanction was arbitrary and an abuse of discretion. The second assignment of error is well taken.

### ASSIGNMENT OF ERROR III

"The trial court abused its discretion by dismissing the cause of action of plaintiff-appellant Mary J. Ladrach because of the conduct of her mentally incompetent ward."

Mary's action for loss of consortium is derivative of Jerry's action. *Messmore* v. *Monarch Machine Tool Co.* (1983), 11 Ohio App. 3d 67, 68-69. Mary's action can be maintained as long as Jerry's action continues. *Id.* at 69. The third assignment of error is well taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

BAIRD, J.
CIRIGLIANO, J.
Concur

QUILLIN, P. J..
Dissents saying:

I would affirm the judgment of the trial court.

The trial court ordered that Jerry Ladrach submit to a deposition subsequent to the trial court receiving the results of Jerry's mental examination. Thus, we can infer that the trial court found Jerry competent to testify.

The trial court, having found Jerry competent to testify, did not abuse its discretion in dismissing the action. Jerry had previously refused to comply with several of the trial court's discovery orders. Also, the trial court had rendered discovery sanctions on two previous occasions. Once dismissing the case without prejudice, and a second time, denying Jerry the right to pursue claims of mental injuries and assessing costs. From the circumstances and the previous discovery sanctions levied, Jerry's refusal to submit to a deposition must be viewed as willful and in bad faith. Therefore, the harsh remedy of dismissal with prejudice was within the discretion of the trial court.