## Masek
### v.
### Reliance Electric Co.
*[Cite as 4 AOA 287]*

*Case No. 56959*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

Lewis Einbund, Esq., 200 National City Building, 1956 E. 6th Street, Cleveland, OH 44114, for Plaintiffs-Appellants.

John Wilharm, Esq., Karen Newborn, Esq., Baker & Hostetler, 3200 National City Center, Cleveland, OH 44114, for Defendants-Appellees.

MATIA, J.

Plaintiffs-appellants, Raymond Masek and Lynn Masek, appeal from the judgment of the trial court which granted the joint motion for summary judgment of defendants-appellees, Reliance Electric Co. and John Portwood, on the appellants' complaint for age discrimination, wrongful discharge, intentional infliction of emotional distress, and loss of consortium.

## I. THE FACTS
### A. APPELLANT-RAYMOND MASEK EMPLOYED BY APPELLEE-RELIANCE

On February 19, 1979, appellant-Raymond Masek was employed by appellee-Reliance as a Senior International Auditor. On April 1, 1980, appellant-Raymond Masek became a member of the corporate legal staff and was primarily responsible for the area of international regulation.

### B. APPELLANT-RAYMOND MASEK'S TERMINATION

On March 9, 1987, appellee-Portwood, who was Vice President and General Counsel for appellee-Reliance, terminated the employment of appellant-Raymond Masek on the basis of poor work performance. This work performance allegedly involved:

1) repeated complaints from corporate manager;

2) bad work habits;

3) poor handling of contract negotiations; and

4) failure to provide essential documents necessary for a corporate divestiture.

### C. THE FILING OF THE COMPLAINT

On June 26, 1987, the appellants filed a complaint in the Cuyahoga County Court of Common Pleas grounded in age discrimination in violation of R.C. 4101.17, wrongful discharge vis-a-vis the doctrine of promissory estoppel and at-will employment, intentional infliction of emotional distress, and loss of consortium.

### D. THE APPELLEES' JOINT MOTION FOR SUMMARY JUDGMENT

On August 31, 1988, the appellees filed a joint motion for summary judgment with regard to the appellants' claims of age discrimination, wrongful discharge, intentional infliction of emotional distress, and loss of consortium. The appellees, in their motion for summary judgment, argued that no genuine issues of material fact existed for the trier of fact with regard to the appellants' claims and that the appellees were entitled to judgment as a matter of law. On October 6, 1988, the appellants filed a brief in opposition to the motion for summary judgment.

### E. THE TRIAL COURT GRANTS THE APPELLEES' JOINT MOTION FOR SUMMARY JUDGMENT

On December 2, 1988, the trial court granted the appellees' joint motion for summary judgment with regard to the appellants' four claims of age discrimination, wrongful discharge, intentional infliction of emotional distress, and loss of consortium.

### F. THE APPELLANTS' TIMELY APPEAL

Thereafter, the appellants timely brought the instant appeal from the judgment of the trial court which granted the appellees' joint motion for summary judgment.

### II. THE APPELLANTS' FIRST ASSIGNMENT OF ERROR

The appellants' first assignment of error is that:

"THE TRIAL COURT ERRED IN FINDING THAT APPELLANT RAYMOND MASEK WAS AN AT-WILL EMPLOYEE WHEN APPELLEE RELIANCE MADE PROMISES AND REPRESENTATIONS THAT ALTERED THE EMPLOYMENT RELATIONSHIP, MAKING IT SUBJECT TO CERTAIN TERMS AND CONDITIONS. THUS, SUMMARY JUDGMENT ON THAT ISSUE WAS IMPROPER."

### A. ISSUED RAISED: "GENUINE ISSUES OF MATERIAL FACT EXISTED FOR THE TRIER OF FACT AS TO CLAIM FOR WRONGFUL DISCHARGE."

The appellants, in their first assignment of error, argue that the trial court erred in granting the appellees' motion for summary judgment with regard to the appellants' claim for wrongful discharge. Specifically, the appellants argue that genuine issues of material fact existed for the trier of fact as to whether the original employment-at-will relationship which had existed between appellant-Raymond Masek and appellee-Reliance had been altered through promissory estoppel. Herein, the appellants claim that the contents of an employee handbook and representations made to appellant-Raymond Masek altered the employment-at-will relationship vis-a-vis representations of continued employment conditioned upon acceptable job performance.

This assignment of error is well taken.

### B. EROSION OF EMPLOYMENT-AT-WILL DOCTRINE BY OHIO SUPREME COURT DECISIONS

Historically, the state of Ohio has recognized the existence of the employment-at-will doctrine and has held that an at-will employee can be terminated for any cause. *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100; *Peterson* v. *Scott Constr. Co.* (1982), 50 Ohio App. 3d 203.

This theory of unrestricted employment-at-will, however, has been eroded by recent decisions rendered by the Supreme Court of Ohio.

In *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, the Supreme Court of Ohio opined that an employee handbook, company rules, and oral representations could in fact alter the concept of employment-at-will through the existence of promissory estoppel.

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Mers* v. *Dispatch Printing Co., supra,* paragraph two and three of the syllabus.

In *Kelly* v. *Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134, the Supreme Court of Ohio further established that the doctrine of promissory estoppel is applicable to an employment. (Emphasis added.) *Kelly* v. *Georgia-Pacific Corp., supra,* at 139.

Further evidence of the erosion of the employment-at-will relationship can be found in *Greeley* v. *Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St. 3d 228. Therein, the court established that public policy in limited circumstances warrants an exception to the employment-at-will doctrine.

"Public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute. (R.C. 3113.213[D], construed and applied.)

"Henceforth, the right of employers to terminate employment at will for 'any cause' no longer includes the discharge of an employee where the discharge is in violation of a statute and thereby contravenes public policy. (*Fawcett* v. *G.C. Murphy & Co.* [1976], 46 Ohio St. 2d 245, 75 O.O. 2d 291, 348 N.E. 2d 144, modified.)" *Greeley* v. *Miami Valley Maintenance Contrs., Inc., supra,* paragraph one and two of the syllabus.

## C. GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER EMPLOYMENT-AT-WILL ALTERED BY PROMISSORY ESTOPPEL

In the case *sub judice*, the appellants argue that the employee handbook and performance evaluations of appellant-Raymond Masek as rendered by appellee-Reliance were reasonably relied upon by appellant-Raymond Masek to modify the employment-at-will relationship. The determination of the question of whether the employee handbook and the performance evaluations were reasonably relied upon by appellant-Raymond Masek to create an implied contract of continued employment based upon satisfactory performance, however, could not have been made through a motion for summary judgment. Such a determination could only be submitted to the trier of fact as mandated by *Kelly* v. *Georgia-Pacific Corp., supra.* Therefore, the trial court erred in granting the appellees' motion for summary judgment on the claim of wrongful discharge.

## D. GENUINE ISSUES OF MATERIAL FACT AS TO EMPLOYMENT PERFORMANCE OF APPELLANT-RAYMOND MASEK

A further review of the record indicates that genuine issues of material fact existed as to the alleged poor performance and inadequate personal skills of appellant-Raymond Masek.

The appellees, in support of their motion for summary judgment, attached a supporting affidavit which delineated the alleged basis for the termination of appellant-Raymond Masek. The affidavit specifically cited five circumstances for the termination of appellant-Raymond Masek:

1) repeated complaints from corporate managers concerning appellant-Raymond Masek;

2) appellant-Raymond Masek's poor work habits such as poor attendance, arriving late and leaving early, long lunches, and reading the paper at the office;

3) poor handling of contract negotiations;

4) failure to provide essential documents necessary for a corporate divestiture; and

5) failure of appellant-Raymond Masek to carry out responsibilities for qualifying "entities to do business.

The appellants' brief in opposition to the motion for summary judgment, however, contained the affidavit of appellant-Raymond Masek, the performance evaluation of appellant-Raymond Masek, and the deposition of appellant-Raymond Masek. A review of the materials filed in support of the motion for summary judgment and in opposition to the motion for summary judgment clearly indicates that genuine issues of material fact existed as to whether the performance of appellant-Raymond Masek was indeed deficient. Cf. *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1. The question of whether the performance of appellant-Raymond Masek was deficient was not determinable through a motion for summary judgment and could only be resolved by the trier of fact. Cf. *Inland Refuse Transfer Co.* v. *Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321; *Williams* v. *Church* (1974), 37 Ohio St. 2d 150.

Therefore, based upon the existence of genuine issues of material fact with regard to the modification of the employment-at-will relationship and the existence of genuine issues of material fact with regard to the performance of appellant-Raymond Masek, the trial court did err in granting the appellees' motion for summary judgment with regard to the claim of wrongful discharge.

The appellants' first assignment of error is well taken.

## III. THE APPELLANTS' SECOND ASSIGNMENT OF ERROR

The appellants' second assignment of error is that:

"THE TRIAL COURT ERRED IN CONSIDERING THE RECORDS OF APPELLANT'S PSYCHIATRIST IN RELATION TO THE WRONGFUL DISCHARGE CLAIM BECAUSE THEY ARE IRRELEVANT AND IMPROPER EVIDENCE ON THAT ISSUE."

## A. ISSUE RAISED: "APPELLANT-RAYMOND MASEK'S PSYCHIATRIC RECORDS NOT RELEVANT TO CLAIM OF WRONGFUL DISCHARGE."

The appellants, in their second assignment of error, argue that the trial court erred in considering the psychiatric records of appellant-Raymond Masek when reviewing the motion for summary judgment. Specifically, the appellants claim that the records of the psychiatric treatment of appellant-Raymond Masek were not relevant to the claim of wrongful discharge and should not have been considered by the trial court when ruling on the appellees' motion for summary judgment.

This assignment of error is not well taken.

## B. PSYCHIATRIC NOTES WERE RELEVANT TO CLAIM OF WRONGFUL DISCHARGE

The record herein clearly reveals that the notes associated with the psychiatric treatment of appellant-Raymond Masek were properly

obtained by the appellees through the ordinary course of discovery. Thus, the question becomes whether the psychiatric notes were relevant to the claim of wrongful discharge.

The notes associated with the psychiatric treatment of appellant-Raymond Masek were relevant to the claim of wrongful discharge. Evid. R. 401, which defines relevant evidence, provides that:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In addition, Evid. R. 403(A) and (B), which deal with the exclusion of relevant evidence, provides that:

"(A) Exclusion mandatory.

"Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues, or of misleading the jury.

"(B) Exclusion discretionary.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

Herein, the notes associated with the psychiatric treatment of appellant-Raymond Masek were not prejudicial and were directly relevant to the issue of whether appellant-Raymond Masek was aware of his alleged deficient work product in relation to the claim of wrongful discharge. Cf. *Brown* v. *Cleveland* (1981), 66 Ohio St. 2d 93.

### C. APPELLANTS' WAIVER OF ERROR

It should also be noted that the appellants failed to object to the usage of the psychiatric notes with regard to the motion for summary judgment thus resulting in the waiver of any error upon appeal associated with the usage of the psychiatric notes. Cf. *Valerie* v. *Walker* (July 3, 1985), Cuyahoga App. No. 49263, unreported; *Williams* v. *Wilson* (May 24, 1979), Cuyahoga App. No. 38938, unreported.

Therefore, based upon the relevancy of the psychiatric notes and the waiver of error, the appellants' second assignment of error is not well taken.

### IV. THE APPELLANTS' THIRD ASSIGNMENT OF ERROR

The appellants' third assignment of error is that:

"THE TRIAL COURT ERRED IN FINDING NO JUSTICIABLE CONTROVERSY RE-GARDING APPELLANT'S CLAIM FOR EMOTIONAL DISTRESS."

### A. ISSUE RAISED: GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The appellants, in their third assignment of error, argue that the trial court erred in granting the appellees' motion for summary judgment with regard to the appellants' claim for intentional infliction of emotional distress. Specifically, the appellants argue that genuine issues of material fact existed for the trier of fact as to whether the conduct of the appellees in terminating appellant-Raymond Masek was "extreme and outrageous."

This assignment of error is not well taken.

### B. ELEMENTS OF TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Supreme Court of Ohio, in *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, established that a party who intentionally and/or recklessly causes serious emotional injury to an individual through "extreme and outrageous" conduct can be held liable for the resulting emotional distress.

In addition, this court in *Pyle* v. *Pyle* (1983), 11 Ohio App. 3d 31, set forth the elements necessary to establish a *prima facie* case of intentional infliction of emotional distress. These elements are:

1) the defendant intended to cause emotional distress and/or should have known that the actions taken would result in emotional distress to the plaintiff;

2) the defendant's conduct was "extreme and outrageous" so as to go beyond all possible bounds of decency and can be considered as utterly intolerable in a modern community;

3) the defendant's conduct was the proximate cause of the plaintiff's emotional distress; and

4) the emotional distress suffered by the plaintiff is serious and of such a nature that no reasonable person could be expected to endure."

### C. NO GENUINE ISSUE OF MATERIAL FACT AS TO ELEMENT OF 'EXTREME AND OUTRAGEOUS' CONDUCT ON PART OF APPELLEES

In the case *sub judice*, a review of the affidavits, depositions, and other supporting material attached to both the appellees' motion for summary judgment and the appellants' brief in opposition to the motion for summary judgment

fails to demonstrate the existence of any "extreme and outrageous" conduct on the part of the appellees so as to be utterly intolerable. The record, even when construed most strongly in favor of the appellants, fails to support a claim for intentional infliction of emotional distress. No genuine issues of material fact existed for the trier of fact with regard to the claim of intentional infliction of emotional distress. Cf. *Hines* v. *Center for Human Services, et al.* (1988), Cuyahoga App. No. 54021, unreported.

Therefore, the trial court did not err in granting the appellees' motion for summary judgment with regard to the appellants' claim for intentional infliction of emotional distress.

The appellants' third assignment of error is not well taken.

## V. THE APPELLANTS' FOURTH ASSIGNMENT OF ERROR

The appellants' fourth assignment of error is that:

"THE TRIAL COURT ERRED IN FAILING TO EXTEND APPELLANT'S RESPONSE TIME TO APPELLANT'S RESPONSE TIME TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF AGE DISCRIMINATION."

### A. ISSUE RAISED: TRIAL COURT ERRED BY FAILING TO DELAY RULING ON MOTION FOR SUMMARY JUDGMENT AS RELATING TO CLAIM OF AGE DISCRIMINATION.

The appellants, in their fourth assignment of error, argue that the trial court erred in granting the appellees' motion for summary judgment with regard to the appellants' claim for age discrimination. Specifically, the appellants argue that the trial court should have delayed ruling on the appellees' motion for summary judgment with regard to the claim of age discrimination as a result of the appellants' request for a delay in ruling pursuant to Civ. R. 56(F).

### B. CIV. R. 56(F) AND DELAY IN RULING ON MOTION FOR SUMMARY JUDGMENT

Civ. R. 56(F), which authorizes the trial court to delay rendering a decision on a motion for summary judgment, provides that:

"(F) When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

### C. GENERAL REQUIREMENTS FOR GRANTING DELAY IN RULING ON MOTION FOR SUMMARY JUDGMENT

The Supreme Court of Ohio, in *Tucker* v. *Webb Corp.* (1983), 4 Ohio St. 3d 121, established that a non-moving party should be granted an extension of time to respond to a motion for summary judgment where the motion for summary judgment is filed *prior* to the completion of discovery. In addition, a trial court should liberally exercise its discretion in favor of the non-moving party where a reasonable period of time for the completion of discovery is provided by the non-moving party. *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272.

### D. APPELLANTS' REQUEST FOR A DELAY IN RULING ON MOTION FOR SUMMARY JUDGMENT

Herein, the appellants responded to the appellees' motion for summary judgment on the claim of age discrimination by requesting that the trial court "postpone its ruling on this issue until plaintiffs have received the documents requested and have evaluated whether further discovery is necessary in light of the information contained within those documents."

### E. APPELLANTS' FAILURE TO PROVIDE VIABLE BASIS FOR DELAY IN RULING ON MOTION FOR SUMMARY JUDGMENT

The appellants' attempt to forestall the trial court's consideration of the motion for summary judgment with regard to the claim for age discrimination did not comport with the decisions rendered in *Tucker* and/or *Whiteleather*. The record clearly reflects that extensive discovery had been completed by both parties prior to the filing of the motion for summary judgment and that no pending motions for discovery, such as a motion to compel, were pending on behalf of the appellants. In addition, the affidavit of the appellants which sought to postpone the trial court's ruling did not provide for a reasonable period of continuance. The naked claim of the appellants, that the evidence supporting a brief in opposition to the motion for summary judgment was in the hands of the appellee was not sufficient to justify a delay in ruling on the motion for summary judgment. Cf. *Contemporary Mission, Inc.* v. *U.S. Postal Service* (1981), 648 F.2d 97; *Espeleta* v. *Sisters of Mercy Health Corp.* (1985), 621 F. Supp. 1262.

Therefore, the trial court did not err in not delaying its ruling on the appellees' motion for

summary judgment on the claim of age discrimination.

The appellants' fourth assignment of error is not well taken.

### VI. THE APPELLANTS' FIFTH ASSIGNMENT OF ERROR

The appellants' fifth assignment of error is that:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON APPELLANT LYNN MASEK'S CONSORTIUM CLAIM."

### A. ISSUE RAISED: "TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT ON CLAIM FOR LOSS OF CONSORTIUM."

The appellants, in their fifth assignment of error, argue that the trial court erred in granting the appellees' motion for summary judgment with regard to the claim of loss of consortium. Specifically, the appellants argue that the reversal of the appellees' motion for summary judgment on the claim of either age discrimination, wrongful discharge, and/or intentional infliction of emotional distress would mandate a reversal of the judgment of the trial court on the claim of loss of consortium.

This assignment of error is well taken.

### B. ELEMENTS OF LOSS OF CONSORTIUM

The Supreme Court of Ohio, in *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, established that a wife possesses a cause of action (loss of consortium) against any person who has intentionally or negligently caused injury to her husband and deprived the wife of the consortium of her husband. Thus, a claim of loss of consortium, although a separate cause of action, is essentially premised upon the intentional and/or negligent injury of an individual's spouse.

### C. TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT WITH REGARD TO CLAIM FOR LOSS OF CONSORTIUM

In the case *sub judice*, the trial court granted the appellees' motion for summary judgment on the claim of loss of consortium on the basis that appellant-Raymond Masek had not been either intentionally and/or negligently injured vis-a-vis his claims of wrongful discharge, age discrimination, and intentional infliction of emotional distress.

However, the trial court's inability to grant summary judgment on the claim for wrongful discharge prevented the trial court from granting the motion for summary judgment with regard to the loss of consortium claim. The existence of the claim for wrongful discharge provided the basis for the loss of consortium claim.

Therefore, the trial court did err in granting the appellees' motion for summary judgment with regard to the claim of loss of consortium.

The appellants' fifth assignment of error is well taken.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*

HOFSTETTER, J., concurs.
KRUPANSKY, P.J., concurs in part and dissents in part.

Sitting by Assignment, Judge Edwin T. Hofstetter, Retired, of the Eleventh District Court of Appeals.

KRUPANSKY, P.J., concurs in part and dissents in part.

I must respectfully dissent to that part of the majority opinion which would reverse the decision of the trial court and remand the case for trial. For reasons I will explain the trial court's granting of summary judgment was proper and should be affirmed.

The majority opinion's reliance on its reading of *Kelly* v. *Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134, is misplaced. The majority writes that a "determination of whether the employment-at-will relationship has been altered by promises which could reasonably be relied upon by an employee cannot be resolved through a motion for summary judgment." However, the *Kelly* court actually held as follows:

"The determination of this issue cannot be resolved on a summary judgment motion. *The reasonableness of such reliance, as noted in Mers, is a fact question for the jury.*" (Emphasis added.) *Kelly, supra*, at 139.

Therefore, only when there is an issue as to whether plaintiff's reliance was *reasonable* is summary judgment inappropriate. There is no authority for a complete emasculation of Civ. R. 56 in all wrongful discharge claims involving an employee-at-will situation and an employment manual.

Surely plaintiff still must bear the burden of introducing some evidence that would establish either actual reliance or at least identify a section of the employment manual that could justify

any reliance. However, in the case *sub judice*, plaintiff has not cited one shred of evidence in the employment manual which would justify any reliance. Plaintiff cites to general statements in the employment manual stating that an employee could expect to be fairly and honestly treated by the company. Plaintiff has also failed to demonstrate any actual reliance.

Plaintiff cites to statements made at a deposition by Scott Dalton, the Vice President of Employee and Community Relations. The statements concerned the introductory portion of the employment manual which stated an employee will be treated fairly and honestly by the company. Mr. Dalton, when asked to interpret this section of the employment manual, merely stated that subject to economic factors, an employee who performed well could generally expect to remain employed. Plaintiff tries to infer that his interpretation of the employment manual was the same as Mr. Dalton's and hence a reasonable interpretation. Therefore, based on this interpretation, plaintiff alleges his reliance on the employment manual was justified and acted to alter his at-will employment status.

This argument is weak for two reasons. First, Mr. Dalton's statements were not made until after plaintiff was terminated, so there is no way plaintiff could have relied on Mr. Dalton's statements. Plaintiff's actions were taken independently of any statements made by Mr. Dalton. Second, even if plaintiff came to the same conclusion as Mr. Dalton, it is irrelevant. Mr. Dalton simply stated that if an employee performed well, generally they can expect to remain employed. It is difficult to understand how such a general comment could be relied upon by Masek to alter an employment-at-will situation. Such a concept is inherent in any non-temporary employment.

The fact that plaintiff received merit raises did not change the employment relationship. There must be some nexus between these performance reviews and the employment contract which establishes and justifies the reliance. There has been no showing of any nexus. Therefore, the case at bar is distinguishable on its facts from *Kelly*.

The *reasonableness* of plaintiff's reliance is not at issue; rather, the *existence* of any such reliance is at issue and is unsupported by the record. Simply stated, plaintiff has failed to establish the element of reliance necessary to meet his burden. Therefore, the trial court did not err in finding an employment-at-will relationship and thus properly granted defendant's motion for summary judgment.

Accordingly, plaintiff's wife's claim for loss of consortium claim must also fail.

" * * * [A] cause of action based upon a loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues. It logically follows therefrom that a derivative action cannot afford greater relief than that relief which would be permitted under the primary cause of action." *Messmore* v. *Monarch Machine Tool Co.* (1983), 11 Ohio App. 3d 67, 68.

In the case *sub judice*, since the trial court properly granted summary judgment against all claims by Raymond Masek, the derivative claim by his wife must also fail. Therefore, the decision of the trial court should be affirmed.