**COSTELLO et al.**

v.

**SUMNER et al.**

Court of Common Pleas of Ohio,
Lucas County.

No. CI94–2509.

Decided June 2, 1995.

*John I. Mattimoe,* for plaintiff.

*Meister, Ayers & Meister Co., L.P.A., Marc Meister* and *Mark Metusalem,* for defendants.

JUDITH ANN LANZINGER, Judge.

This negligence case is before the court on the defendants' motion to dismiss. Upon consideration of the pleadings, arguments of counsel, and applicable law, the court grants the motion and dismisses the complaint.

16

## I

Plaintiffs William D. and Sarah Costello brought this lawsuit against their former neighbors, William and Diane Sumner. On September 9, 1992, Mr. Costello noticed that the basement of the Sumner house was on fire. Knowing the Sumners were not at home, Mr. Costello immediately entered the house to rescue two dogs. He then attempted to extinguish the fire, since the fire department had not yet arrived. In breaking the basement window to use his garden hose on the fire, Mr. Costello severely injured his right hand.

Mr. and Mrs. Costello sued the Sumners, alleging negligence. The plaintiffs claim the fire started at the Sumner home when their dogs chewed through the pipe that connected the gas main to the hot water heater so that when the pilot light came on it ignited the gas. Mr. Costello seeks compensation for personal injury due to his hand injury, and Mrs. Costello seeks an amount for loss of consortium. The Sumners deny any liability and request dismissal, arguing that Mr. Costello assumed the risk of his own injury.

## II

The standard governing a motion to dismiss for failure to state a claim upon which relief can be granted is set forth in *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 754–55:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Factual allegations in the complaint must be viewed as true, and all reasonable inferences must be made in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756.

## III

The Costellos assert that the Sumners were negligent in three respects: in installing flex-type piping in their basement (which allegedly does not meet city code), in failing to have the installation of their water heater inspected, and in failing to install smoke detectors. In order to establish negligence, however, the Costellos must show that the Sumners owed them a duty of care, breached that duty, and proximately caused their injuries through that breach. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710; *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616.

Under the facts as alleged in the complaint, even when accepted as true, the Sumners simply owed no duty to the Costellos. There is no allegation of either a contractual or other legal duty under which Mr. Costello was obligated to protect his neighbors' home from damage. Instead, Mr. Costello voluntarily undertook rescue efforts to save his neighbors' home and pets. As a volunteer, he therefore assumed the risk of injury and cannot now try to burden the Sumners with liability for his own injury.[1] See *Lajoie v. Maumee River Yacht Club* (Feb. 2, 1990), Lucas App. No. L–89–014, unreported, 1990 WL 7976 (no duty to rescue).

In *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780, the Supreme Court of Ohio held that, normally, assumption of risk is an issue for trial, except for the category of "primary assumption of risk," which involves a lack of duty owed by the defendant to the plaintiff. Primary assumption of risk is not concerned with a plaintiff's conduct. Rather:

"Primary assumption of risk is really an alternative expression for the concept that a defendant either owed no duty of care to the plaintiff or did not breach any duty owed." *Mima v. Akron* (1986), 31 Ohio App.3d 124, 125, 31 OBR 211, 212, 508 N.E.2d 974, 975. See, also, *Siglow v. Smart* (1987), 43 Ohio App.3d 55, 539 N.E.2d 636.

The Costellos are unable to allege that their neighbors, the Sumners, owed them any duty of care under the circumstances as set forth in the complaint. The existence of a duty being an essential element of negligence, the first count of the complaint fails; because her husband's claim fails, Mrs. Costello's derivative claim (second count) fails as well. See *Messmore v. Monarch Machine Tool Co.* (1983), 11 Ohio App.3d 67, 68–69, 11 OBR 117, 119–120, 463 N.E.2d 108, 110. This complaint must be dismissed.

## JUDGMENT ENTRY

It is ORDERED that the motion to dismiss filed by defendants William and Diane Sumner is GRANTED, and this action is DISMISSED, with prejudice for failure to state a claim. Costs are assessed against plaintiffs.

This is a final appealable order.

*Motion to dismiss granted.*

---

1. The Costellos rely on Section 472 of 2 Restatement of the Law 2d, Torts (1965) to support their claim that Mr. Costello was not contributorily negligent. Any consideration of Mr. Costello's own negligence is immaterial, however, since there is no duty owed by the Sumners to the Costellos.