DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Fulton County Court of Common Pleas, which granted summary judgment to appellee, Westfield Insurance Companies ("Westfield") and denied summary judgment to appellants Sandra Wagner and Phillip Wagner. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} To understand this lawsuit against Westfield, it is necessary to recite the facts of the underlying tort claim. In 1998, appellant Sandra Wagner[1] was injured in an automobile collision when Sonja Trump failed to yield the right-of-way at a highway intersection in Fulton county, Ohio. Sandra was insured by Grange Mutual Insurance Company ("Grange") under a policy with bodily injury underinsurance limits of $100,000 per person and $300,000 per accident. Sonja Trump was insured by State Farm Insurance Company ("State Farm") under a policy that provided bodily injury liability limits of $50,000 per person and $100,000 per accident.
 {¶ 3} Appellant filed a lawsuit in 1999 against her own insurer, Grange, and against Sonja Trump. The case did not settle prior to trial, and State Farm (Trump's insurer) made no settlement offer until three months prior to trial. At that time, it offered Sandra $20,000 to settle the claim. Sandra refused this offer, and the case was tried in January 2001.
 {¶ 4} After trial, the jury awarded Sandra $200,000. The verdict form read as follows:
 {¶ 5} "We the jury, being duly empaneled in the case of Wagner vs. Trump, Fulton County Common Pleas Case Number 99CV000154, do hereby find in favor of Plaintiff, Sandra L. Wagner and against Defendant, Sonja M. Trump and award the following damages which we find, by a preponderance of the evidence, to be related to Defendant's negligence.
 {¶ 6} "TOTAL DAMAGES $200,000
 {¶ 7} "(This total amount includes past medical expenses of $44,000.)"
 {¶ 8} Sandra contends that after the verdict, she engaged in negotiations to collect pre-judgment interest and bad faith damages. She contends that State Farm agreed to pay her $50,000 under its bodily injury coverage and an additional $100,000 in exchange for a waiver from her of all post-judgment proceedings she might institute against it. Sandra's insurer paid her $50,000 under its underinsurance coverage.[2]
Therefore, Sandra received from the two insurers the total amount of the verdict — $200,000. Sandra then filed a satisfaction of judgment in the underlying suit, which read:
 {¶ 9} "This case came to be heard upon Jury Trial on January 11, 12 and 16, 2001. The Jury rendered its verdict for $200,000. The parties have come forth and paid to the Plaintiff the sum of $200,000 as set forth: $150,000 from the estate of Sonja Trump; $50,000 from Grange Mutual Insurance Company.
 {¶ 10} "It is therefore acknowledged by Plaintiff that she is in receipt, as satisfaction of judgment, of $200,000." Plaintiff also signed releases with Grange and with the Estate of Sonja Trump.
 {¶ 11} In July 2001, appellants filed the instant lawsuit against appellee, the insurer for Sandra's employer, Stan Pepple Motors. Appellants were seeking "Scott-Pontzer" coverage pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660. According to Sandra, since $100,000 of the $200,000 judgment in the underlying case was given in exchange for her agreement not to pursue post-judgment claims, she was not fully compensated for her bodily injury, and she was entitled to additional coverage from appellee. Phillip sought from appellee damages for loss of consortium, a claim that he had not pursued in the underlying action.
 {¶ 12} Appellee moved for partial summary judgment claiming that Sandra's claims were barred by res judicata. Appellants also moved for summary judgment, contending that, since appellee was not a party in the underlying action, there was not an identity of parties, which is typically required by the doctrine of res judicata. The trial court granted summary judgment to appellee, finding that, since the jury had not apportioned its award by insurer and since the record did not indicate that the award was satisfied for anything other than bodily injury damages, appellants could not now claim that a part of the $200,000 award was not for bodily injury. Accordingly, the trial court granted summary judgment to appellee, denied summary judgment to appellants, and dismissed the lawsuit. This appeal followed.
 {¶ 13} Appellants raise the following two assignments of error for our review:
 {¶ 14} "The trial court erred in concluding that the claim of Phil Wagner should be dismissed.
 {¶ 15} "The trial court erred in determining that Sandra Wagner's bodily injury claim, pre-judgment interest claim, and bad faith claim were fully satisfied." We shall address the second assignment of error first.
 {¶ 16} We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning (1998),128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998),83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates:
 {¶ 17} "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co.
(1998), 80 Ohio St.3d 607, 617.
 {¶ 18} The trial court reasoned in its decision that the attorney affidavits filed in the instant case could not be used to contradict the unambiguous record in the underlying case. According to the trial court, the record in the underlying case unambiguously established that the jury found Sandra's total damages to be $200,000, and no evidence existed in the record that the payments made in satisfaction of that judgment were for anything other than bodily injuries. In effect, then, the trial court held that the affidavits were not sufficient to withstand appellee's summary judgment motion. The law is clear that, for summary judgment purposes, while a trial court may not weigh evidence filed in support of or in opposition to a summary judgment motion, it can, and should, judge whether the evidence is sufficient for summary judgment purposes. Nelson v. Taoka (1992), 82 Ohio App.3d 101, 108, jurisdictional motion overruled (1993), 65 Ohio St.3d 1493.
 {¶ 19} Res judicata considerations aside, we cannot quarrel with appellants' assertion that Sandra would be entitled to insurance benefits from appellee if her bodily injuries were not fully compensated by the other two insurers. However, we must agree with the trial court that the record in the underlying lawsuit does not indicate that Sandra was not fully compensated for her bodily injuries. Thus, we agree with the trial court that the affidavits, which were filed after the conclusion of the underlying lawsuit, cannot be introduced to contradict a clear record — such affidavits are insufficient as a matter of law to withstand a summary judgment motion. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 20} In their first assignment of error, appellants contend that the trial court erred in dismissing Phillip's loss of consortium claim. The trial court did not indicate in its decision why it was dismissing Phillip's consortium claim, but it is clear from the decision that the court intended to dismiss the entire lawsuit and that it intended its decision to be final and appealable.
 {¶ 21} We cannot say that the trial court erred in dismissing Phillip's loss of consortium claim. A claim for loss of consortium is derivative. Messmore v. Monarch Machine Tool Co. (1983), 11 Ohio App.3d 67,68-69. Therefore, if the main claim does not survive summary judgment, the derivative claim fails as well. Id; Miller v. City of Xenia (Mar. 22, 2002), Greene App. No. 2001 CA 82. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 22} Upon consideration, we find that substantial justice has been done the parties complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] Both Sandra Wagner and her husband Phillip Wagner are appellants. For ease of discussion, when we refer to them individually, we shall refer to each of them by their given names.
[2] Appellants have filed in this action affidavits from the attorneys who represented Grange and the Estate of Sonja Trump in the underlying lawsuit. Both attorneys aver that the two insurers paid these amounts to Sandra for the reasons that she states.