DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellants, John Kolbe, et al., uninsured/underinsured ("UM/UIM") motorist benefits. This court affirms the judgment of the trial court on the authority ofWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.
 {¶ 2} The facts giving rise to this appeal are as follows. On May 20, 2000, Cynthia Kolbe was driving on State Route 100 in Seneca County, Ohio, when she lost control of her vehicle. The accident severely injured Cynthia Kolbe's passenger and daughter, Elizabeth Kolbe. At the time of the accident, Cynthia Kolbe was insured under a liability policy issued by State Farm Automobile Insurance Company. State Farm paid its liability policy limit of $100,000 to Elizabeth Kolbe.
 {¶ 3} On October 11, 2001, appellant John E. Kolbe, both individually and as guardian on behalf of his daughter, Elizabeth Kolbe, filed a complaint for declaratory judgment against appellee, Nationwide Agribusiness Insurance Company ("Nationwide") seeking uninsured/underinsured motorist benefits. Nationwide insured Tiffin City Schools through a commercial automobile policy and an education liability policy. At the time of the accident, John Kolbe was employed by the Tiffin City Schools. John Kolbe was not present at the accident. Neither Cynthia nor Elizabeth Kolbe was employed by the Tiffin City schools at the time of the accident. Cynthia Kolbe was not operating a vehicle owned by the Tiffin City Schools at the time of the accident.
 {¶ 4} Both parties filed motions for summary judgment. In a December 26, 2002 judgment entry, the trial court denied in part and granted in part appellants' motion for summary judgment. Specifically, the court found that the commercial automobile policy was not an "automobile liability policy" as defined by R.C. 3937.30. Thus, appellants were not entitled to uninsured/underinsured motorist benefits under the commercial automobile policy. The court found, however, that the education liability policy did qualify as an "automobile liability policy" and therefore, uninsured/underinsured coverage arose by operation of law.
 {¶ 5} Nationwide thereafter filed a "motion for partial reconsideration" of the court's judgment that appellants were insured under the education liability policy. The trial court granted Nationwide's motion on the authority of this court's decision in Wilke v. Montes, 6th Dist. No. OT-02-003, 2003-Ohio-217, wherein this court held that "[w]here UM/UIM coverage is implied by operation of law, there is no uninsured motorist coverage form that defines insureds for purposes of underinsured motorist coverage and a corporation is the named insured, only employees of the corporation are covered by the implied UM/UIM coverage." The court concluded that Elizabeth Kolbe was not covered under the policy as she was not an employee of Tiffin City Schools. The court further found that John Kolbe was not covered as "a cause of action based upon a loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues." Citing Messmore v. Monarch Mach. Tool Co. (1983),11 Ohio App.3d 67.
 {¶ 6} Appellants now appeal setting forth the following assignments of error:
 {¶ 7} "I. The trial court erred to the prejudice of Appellant John E. Kolbe when it entered its Opinion and Judgment entry dated 1 May 2003, when the Court found Elizabeth Kolbe was not an insured under the Education Liability Policy, and that John Kolbe was not entitled to coverage because his claim was `derivative' of Elizabeth's claim."
 {¶ 8} "II. The trial court erred to the prejudice of Appellant John E. Kolbe when it entered its opinion and judgment entry dated 26 december 2002, in which the trial court found that the commercial automobile policy was not subject to a two-year- guarantee period under Wolfe v. Wolfe, 88 Ohio St.3d 246,2000-Ohio-322."
 {¶ 9} In the case of Westfield Ins. Co. v. Galatis, supra, released on November 5, 2003, the Ohio Supreme Court held at paragraph two of the syllabus: "[A]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Here, the loss did not occur within the course and scope of appellant, John E. Kobe's, employment.
 {¶ 10} On the authority of Westfield Ins. Co. v. Galatis,
Id., appellants' two assignments of error are not well-taken. On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellants.
Judgment Affirmed.
Knepper, Lanzinger, and Singer, J., concur.