SCHILTZ ET AL., APPELLANTS, *v* MEYER ET AL., APPELLEES.

(No. 248/249—Decided January 25, 1971.)

*Messrs. Buckley & Miller,* for appellants.
*Messrs. Bieser, Greer & Landis,* for appellee Hattie Lee Meyer.
*Messrs. Young, Pryor, Lynn, Strickland & Falke,* for appellee Paul D. Myers.

SHANNON, P. J. These are appeals upon questions of law from orders of the Court of Common Pleas of Clinton County sustaining demurrers and rendering final judgments for defendants, the appellees herein.

It is pleaded that on the morning of May 7, 1966, Mabel Schiltz, one of the plaintiffs, who are the appellants herein and Hattie Lee Meyer one of the defendants, departed from their homes in Kentucky to visit a mutual friend in Ohio. Hattie Lee Meyer was operating an automobile licensed and insured in Kentucky. In Wilmington, Ohio, that vehicle was struck by another operated by Paul D. Myers, the other defendant, and Mabel Schiltz sustained personal injuries as a result of the collision.

Two actions were brought. Mabel Schiltz sued Hattie Lee Meyer and Paul D. Myers, jointly, seeking recovery of damages for her personal injuries. In her petition, besides averring negligence on the part of both defendants, she alleged that the law of the state of Kentucky is "that an owner or operator of a motor vehicle owes the duty to an invited guest to exercise ordinary care in its operation." Carl Schiltz, plaintiff in the second action, sued the same defendants to recover the cost of medical and hospital expenses and damages for loss of his wife's services and consortium and repeated the allegations of negligence and liability made by Mabel Schiltz.

Ultimately, Paul D. Myers filed answers to the petitions, but Hattie Lee Meyer demurred to both on the ground that because plaintiffs had not alleged facts constituting willful and wanton misconduct, the Ohio "guest statute" applies and plaintiffs therefore failed to state a cause of action.

The court sustained the demurrer to the petition of Mabel Schiltz on such ground. The demurrer to the petition of Carl Schiltz was, however, sustained on the ground of improper venue. Plaintiffs elected not to proceed further and it is from the judgments for defendants that these appeals are taken.

The Supreme Court considered and answered the essential issue raised here in *Collins* v. *McClure*, 143 Ohio St. 569. There, the plaintiff sought to recover in Ohio for damages sustained allegedly as the result of negligent operation of a motor vehicle in Kentucky. Paragraph one of the syllabus of *Collins* states:

"1. In the trial of an action in this state for damages for injury resulting from an automobile accident occurring in another state, the substantive law of the latter state is applicable and controls."

In holding that the right of recovery for personal injuries is governed by the lex loci delicti, the Supreme Court followed what was, and we believe yet is, the majority view as well as its own precedents. See *Alexander* v. *Pennsylvania Co.*, 48 Ohio St. 623; *Freas* v. *Sullivan*,

130 Ohio St. 486; 9 Ohio Jurisprudence 2d, Conflict of Laws, especially Section 46; *Shaw* v. *Lee*, 258 N. C. 609, 129 S. E. 2d 288; *Landers* v. *Landers,* 153 Conn. 303, 216 A. 2d 183.

Therefore, the court below was correct in deciding that a guest in an automobile involved in an accident in Ohio cannot sue the driver in Ohio on a theory of negligence, and the demurrer to the petition of Mabel Schiltz was properly sustained.

However, the claim of Carl Schiltz for expenses and loss of consortium is derivative; that is, the action of a spouse for loss of consortium and medical expenses arising from bodily injuries suffered by the other spouse as a result of the tort of a third party is an action for an injury to the rights of the former spouse not arising upon contract. See *Dean* v. *Angelas,* 24 Ohio St. 2d 99, approving and following *Corpman* v. *Boyer,* 171 Ohio St. 233.

Consequently, the demurrer to the petition of Carl Schiltz should have been sustained on the same ground relied upon to determine the question raised by the demurrer to his wife's petition and not upon the basis of improper venue.

For the reasons set forth herein, the judgments of the Court of Common Pleas, Clinton County, Ohio, are affirmed.

*Judgment affirmed.*

HILDEBRANT and HESS, JJ., concur.