## Bowen v.
## Kil-Kare, Inc.
### [Cite as 6 AOA 13]

*Case No. 89 CA 84*
*Greene County, (2nd)*
*Decided August 24, 1990*

*Michael J. Burdge, 120 West Third Street, Suite 350, Dayton, Ohio 45402, for Plaintiffs-Appellants.*

*Donald L. Anspaugh, 250 East Broad Street, Columbus, Ohio 43215, for Defendants-Appellees.*

WILSON, J.

On May 31, 1987, the plaintiff-appellant, William T. Bowen, drove in a stock car race at a speedway owned and operated by the defendant-appellee, Kil-Kare, Inc. Bowen had raced many times before at Kil-Kare and at other racetracks.

Before Bowen and other participants in the race were allowed on the track or pit area they had to sign a release and fill out a registration card which also contained a release. This practice is the norm at Kil-Kare and other racetracks.

The principal release was dated May 31, 1987. It included a waiver of claims, an express assumption of risk, a warranty, a covenant not to sue, and an indemnity agreement.

Before the race Bowen and other race drivers were provided with "Super Enduro '200' Rules" which included the following:

"4.*NON STOP RACE*. Yellow flag will not be used. Red flag comes out then track is blocked; a car is off wheels or on fire or stopped in hazardous position. If red flag comes out, STOP IMMEDIATELY, wherever you are on track. Race will continue from that point as a standing star (sic)"

During the race Bowen's car hit a guard rail and stopped on the track without power. Although Bowen's car was passed by other cars he was ultimately rear ended causing a fire which resulted in Bowen's injuries.

Bowen filed a complaint in January, 1989 seeking damages for his injuries. His wife, Brenda, and their two minor children joined in the complaint seeking damages for loss of services and the negligent infliction of emotion distress. Brenda and the two children alleged that they witnessed the collision. All of the plaintiffs alleged that the defendants negligently conducted and -operated the race and the racetrack.

On July 2, 1989 the defendants moved for "partial summary judgment" on all of the liability issues except the issue of emotional distress. The motion was supported by Bowen's deposition and the affidavit of Kil-Kare's secretary-treasurer with pertinent documents attached.

On September 12, 1989 the plaintiffs filed a memorandum in opposition to the motion. Bowen's affidavit was attached to the memorandum.

On September 13, 1989 the plaintiffs moved to amend their complaint so as to permit them to allege that Bowen's injuries were caused by the defendants' willful or wanton conduct. The trial court did not specifically rule on the motion to amend.

On October 20, 1989 the trial court sustained the partial summary judgment and dismissed the complaint. The plaintiffs have appealed. There are three assignments of error:

"THE COURT BELOW ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES, WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AND WHEN DEFEN-DANTS-APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

"THE COURT BELOW ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES AND FAILING TO ALLOW PLAINTIFFS-APPELLANTS TO FILE AND SERVE AN AMENDED COMPLAINT.

"THE COURT BELOW ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES AND DISMISSING THE ENTIRE COM-PLAINT, WHEN DEFENDANTS-APPEL-LEES HAD SOUGHT ONLY PARTIAL SUM-MARY JUDGMENT AND WHEN PLAIN-TIFFS OTHER CLAIMS WERE NOT AD-DRESSED BY EVIDENCE OR ARGUMENT."

We recognize that Civ. R. 15 provides that leave to amend pleadings shall be freely given. However, we see no abuse of discretion in failing to sustain the motion to amend where, as here, the motion to amend was not filed until after the motion for partial summary judgment was at issue and ready for a decision. The second assignment of error is overruled.

"A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the oppos-ing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St. 3d 112.

The defendants' motion for partial summary judgment did not specifically delineate the basis for seeking the granting of the motion. However, it is clear from the defendants' memorandum that the motion is essentially based upon the prospec-tive releases of liability.

In his affidavit Bowen stated that the releases "are not the types of forms I either saw or signed at Kil-Kare Speedway on May 31, 1987, or any other date." He further stated that prior to the race "I had never saw or read the contents of (the releases), and I was never given an opportunity to read (the releases)."

Paragraph numbered eight of his affidavit provides:

"At no time did I intend to release Kil-Kare Speedway, or anyone else from any liability for injuries which I might receive in the automobile race of May 31, 1987, which injuries were caused by the negligence of persons who were involved in conducting, supervising, and operating the race."

Bowen acknowledged receiving a copy of the rules of the race prior to entering. "It was my understanding that the race of May 31, 1987, would be stopped by a red flag from a tower, and by red lights in each turn of the racetrack, if the track was blocked, or if a car was off its wheels, or if a car was on fire, or if a car was stopped in a hazardous position."

Bowen also stated in his affidavit that his car blocked part of the track and that the flagman observed Bowen to be in a hazardous position for a time sufficient for the flagman to have stopped the race before Bowen was injured.

In his deposition Bowen admitted signing the releases.

We have held that the portions of an affidavit of a party which contradict the same parties' prior deposition should be given no weight and ignored. *Rogan v. Beerman Realty Co.* (Feb. 20, 1987), Mont. App. No. 9706, unreported. *Smith v. Whitaker* (Sept. 23, 1987), Mont. App. No. 10448, unreported. *Clemmons v. Yaegell* (Dec. 29, 1988), Mont. App. No. 11132, unreported.

We agree with the trial court that Bowen's signing of the releases is a material fact not in dispute.

We have held that participants in stock car races may prospectively relieve the promoter of a stock car race from liability for ordinary negli-gence. *Hine v. Dayton Speedway Corp.* (1969), 20 Ohio App. 2d 185. In the opinion of this case Judge Kerns quoted, with approval, the first two para-graphs of the syllabus of *French v. Special Servic-es, Inc.* (1958), 107 Ohio App. 435.

"1. A participant in a stock car race and the proprietor thereof are free to contract in such a manner as to relieve the latter from the responsi-bility for damages or injuries to the former caused by the latter's negligence, except when caused by willful or wanton misconduct.

"2. An agreement between a participant in and the proprietor of a stock car race, whereby the

former assumes the risk of injuries resulting from his participation in such event and releases the proprietor from any claims for damages, is not invalid as against public policy."

Whether the defendants were negligent in failing to timely stop the race when Bowen's car was stopped on the track is a fact in dispute. However, this fact is not material as to Bowen's claim in view of the releases which he signed. It follows that summary judgment was properly granted in favor of the defendants on the primary claim of Mr. Bowen.

A claim for loss of consortium or services is a derivative claim dependant upon the viability of the primary claim. This means that the ordinary defenses available to the defendant on the primary claim may also apply in defense of the derivative claim. *Messmore v. Monarch Machine Tool Co.* (1983), 11 Ohio App. 3d 67. *Schiltz v. Meyer* (1971), 32 Ohio App. 2d 221.

It has also been held that a release signed by a husband holding a speedway free from liability bars his wife's action for loss of consortium. *Nickell v. Atomic Speedway* (July 5, 1983), Ross App. No. 991, unreported.

"However, the more prevalent view seems to be that the loss of consortium suit is not barred as it is a separate and independent cause of action of the spouse." *Consortium-Release as Bar,* 29 A.L.R. 4th 1200.

The evidence in the case before us consists of considerably more than a simple release. Mr. Bowen willingly participated in an inherently dangerous sporting event which he either knew, or should have known that a rear end collision was a reasonably foreseeable consequence of his participation. Considering these facts along with Bowen's primary and express assumption of the risk, we think that summary judgment was properly granted on the derivative loss of services claims.

A claim based upon the "negligent infliction of serious emotional distress is entitled to independent legal protection." *Paugh v. Hanks* (1983), 6 Ohio St. 3d 72. However, at this stage of the proceedings we need not decide whether the facts before us support the granting of summary judgment on these issues.

In our view the trial court should not have in effect granted summary judgment in favor of the defendants on these claims when the defendants did not ask for summary judgment on these issues. "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." *Marshall v. Aaron* (1984), 15 Ohio St. 3d 48. The first assignment of error is sustained on

the claims involving the negligent infliction of emotional stress. The third assignment of error is also sustained.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

FAIN, J., and GRADY, J., concur.