DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants, Kathleen and Ervine Bradley, appeal the order of the Lorain County Court of Common Pleas that granted summary judgment to Defendants-Appellants, Sprenger Enterprises, Inc., Grace Management Services, Autumn Aegis Retirement Community, and Nicole Sprenger. We affirm.
 {¶ 2} Ms. Bradley worked as an LPN/Charge Nurse on the night shift at Autumn Aegis Retirement Community for approximately seven months during 2005. On November 9, 2005, Ms. Sprenger, who was the administrator of Autumn Aegis at the time, requested a meeting with Ms. Bradley. During the *Page 2 
meeting, the Employer terminated Ms. Bradley's employment due to excessive absences under a no-fault attendance policy.
 {¶ 3} Ms. Bradley sued Sprenger Enterprises, Inc., Grace Management Services, Autumn Aegis Retirement Community, and Nicole Sprenger (collectively, "the Employer"), alleging that the Employer violated R.C.4112.02 by terminating her employment because of her association with a disabled person. She also alleged retaliation in violation of Ohio's Whistleblower Statute, R.C. 4113.52(B), and wrongful termination in violation of public policy. Her husband, Ervine Bradley, alleged loss of consortium. The Employer moved for summary judgment on each of the Bradleys' claims. In response, Mrs. Bradley asserted new claims of disability discrimination, wrongful discharge in violation of public policy, and promissory estoppel for the first time. The trial court granted summary judgment to the Employer on July 26, 2007, and Mr. and Mrs. Bradley appealed.
 ASSIGNMENT OF ERROR I "The Trial Court erred in granting [the Employer's] Joint Motion for Summary Judgment for the reason that there existed several issues of fact upon which reasonable minds could differ which should have precluded the granting of same."
 ASSIGNMENT OF ERROR II "The Trial Court erred in not taking into consideration whether [Mrs. Bradley] could perform the essential function of the Licensed Practice Nurse (LPN) safely and substantially." *Page 3 
 ASSIGMENT OF ERROR III "The Trial Court did not take into consideration that [Mrs. Bradley] was disabled due to mental impairment caused by her mother's serious heart attack and fear of impending death."
 ASSIGNMENT OF ERROR IV "The Trial Court erred in not taking into consideration whether the doctrine of promissory estoppel precluded the granting of [the Employer's] Joint Motion for Summary Judgment as an exception to the employment-at-will doctrine."
 {¶ 4} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87. The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is *Page 4 
a genuine issue for trial. Byrd v. Smith, 110 Ohio St.3d 24,2006-Ohio-3455, at ¶ 10.
 {¶ 5} The Employer supported its motion for summary judgment with the affidavits of Sandra Kaiser, former Vice President of Human Resources for Grace Management, Inc., and Nicole Sprenger, as well as Mrs. Bradley's deposition and the exhibits addressed therein. The Employer maintained that these exhibits demonstrated that there were no genuine issues remaining for trial because Mrs. Bradley's employment was terminated as a result of her absenteeism, whether excused or unexcused, under the Employer's no fault attendance policy.
 {¶ 6} Mrs. Bradley responded to the Employer's motion with respect to her claim for discrimination based on her association with a disabled person, but also asserted a new basis for liability: that knowledge of her mother's heart attack on October 30, 2005, rendered her temporarily disabled by virtue of "anticipatory bereavement" and that the Employer had a duty to accommodate her "disability" by allowing her two call-offs without risk of disciplinary action. She also asserted a new claim of promissory estoppel. The Employer objected to Mrs. Bradley's assertion of new claims. See, generally, Zaychek v. Nationwide Mut. Ins. Co., 9th Dist. No. 23441, 2007-Ohio-3297, at ¶ 15.
 {¶ 7} In this appeal, Mrs. Bradley has not argued that she satisfied her summary judgment burden as the nonmoving party with respect to the claim that the Employer discriminated against her because of association with a disabled *Page 5 
person. Instead, Mrs. Bradley's first three assignments of error relate to the new discrimination claim that she asserted in response to the Employer's motion for summary judgment. Her fourth assignment of error argues that the trial court erred by granting summary judgment to the Employer because she was entitled to recover under a theory of promissory estoppel.
 {¶ 8} A plaintiff cannot fulfill her burden under Civ.R. 56 merely by asserting new claims in response to a properly supported motion for summary judgment. See White v. Mt. Carmel Med. Ctr.,150 Ohio App.3d 316, 2002-Ohio-6446, at ¶ 30 (concluding that, while a plaintiff is not bound to a particular theory of her case, it is inequitable to permit a plaintiff to assert new claims in response to a motion for summary judgment without amending the complaint.). See, also, Scassa v.Dye, 7th Dist. No. 02CA0779, 2003-Ohio-3480, at ¶ 25-30. This tactic, if successful, would permit every nonmoving party-plaintiff to avoid summary judgment by simply asserting different claims based on different substantive law with different material facts. The trial court did not err by granting summary judgment to the Employer on this basis, and Mrs. Bradley's first four assignments of error are overruled.
 ASSIGNMENT OF ERROR V "The Trial Court erred in not considering a public policy associated with jeopardizing the healthcare industry by forcing employees not fit for duty that administer medication and supervise others administering medication to work while emotionally unfit." *Page 6 
 {¶ 9} Mrs. Bradley's fifth assignment of error is that the trial court erred by granting summary judgment to the employer on her claim of wrongful discharge in violation of public policy. We disagree.
 {¶ 10} "Issues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review." Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.
(1963), 175 Ohio St. 179, syllabus. In other words, an appellant cannot change her theory of the case on appeal in the hope of obtaining reversal. State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections
(1992), 65 Ohio St.3d 175, 177.
 {¶ 11} In the trial court, Mrs. Bradley pursued a public policy claim based on the theory that her termination violated clearly expressed public policies regarding disability discrimination, protection of whistleblowers, and provision of leave under the Family and Medical Leave Act. She responded to the Employer's motion for summary judgment with respect to each of these theories, but also asserted a new claim based on her own alleged disability. On appeal, however, Mrs. Bradley has abandoned these arguments in favor of yet another new claim: that her termination violated a public policy "associated with the protection of the elderly and the hospitalized from persons that are unfit for duty due to circumstances beyond their control." *Page 7 
 {¶ 12} Mrs. Bradley's fifth assignment of error argues an issue that was not raised in the trial court. As such, it cannot be raised for the first time on appeal, and her fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI "The Trial Court erred in granting Defendants' Joint Motion for Summary Judgment and thereby precluding [Mr. Bradley's] claim for [loss of] consortium."
 {¶ 13} In the sixth assignment of error, Mr. Bradley argues that his claim for loss of consortium should survive even if summary judgment was properly granted to the Employer on Mrs. Bradley's claims. We disagree.
 {¶ 14} A claim for loss of consortium is derivative and, but for the primary cause of action by the plaintiff, would not exist. Wang v.Goodyear Tire Rubber Co. (1990), 68 Ohio App.3d 13, 19. Consequently, when summary judgment is granted to the defendant on the claim from which loss of consortium is derived, the loss of consortium claim fails as well. Cf Rigby v. Fallsway Equip. Co., Inc., 150 Ohio App.3d 155,2002-Ohio-6120, at ¶ 64-65. This Court agrees with the Employer that Mr. Bradley's reliance on Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, is misplaced.
 {¶ 15} In Bowen, the Supreme Court of Ohio considered whether a release executed by the injured party also defeated a loss of consortium claim by a spouse. The Court concluded that "an action for loss of consortium occasioned by a spouse's injury is a separate and distinct cause of action that cannot be defeated by *Page 8 
a contractual release of liability which has not been signed by the spouse who is entitled to maintain the action." Id. at 92. The Court also emphasized that its holding was specific to the facts of that case:
 "In so holding, we recognize that a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury. For instance, in Schiltz v. Meyer (1971), 32 Ohio App.2d 221, 61 O.O.2d 247, 289 N.E.2d 587, paragraph one of the syllabus, the court held that where a cause of action for personal injury by one spouse is not a cause of action recognized in Ohio, an action for loss of consortium by the other spouse premised upon the injurious occurrence is, likewise, barred. Our holding today does not affect that determination." Id.
In this case, the trial court entered summary judgment in favor of the Employer on the substance of each of Mrs. Bradley's claims without reference to any contractual defenses or waivers. This Court has overruled her five assignments of error challenging the trial court's judgment. The limitation explained by the Supreme Court inBowen is, therefore, inapplicable. See, e.g., Gillum v. FairgreensCountry Club (1996), 110 Ohio App.3d 60, 69. The sixth assignment of error is overruled.
 {¶ 16} Mr. and Mrs. Bradley's assignments of error are overruled, and the judgment of the trial court is affirmed.
 Judgment affirmed. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
 CARR, P. J., DICKINSON, J., CONCUR. *Page 1