[Cite as *Caraballo v. Cleveland Metro. School Dist.*, 2013-Ohio-4919.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99616**

## WILFREDO CARABALLO

PLAINTIFF-APPELLEE

vs.

## CLEVELAND METRO. SCHOOL DIST., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783470

**BEFORE:** Jones, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEYS FOR APPELLANT**

Wayne J. Belock
Chief Legal Counsel
Cleveland Metro. School District
1380 East 6th Street, Room, 203
Cleveland, Ohio 4414

Joseph J. Jerse
Legal Counsel
Cleveland Metro. School District
1111 Superior Avenue, Room 1807
 Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Christian R. Patno
Nicholas M. Dodosh
Susan C. Stone
McCarthy, Lebit, Crystal & Liffman
101 West Prospect Avenue
Suite 1800
Cleveland, Ohio 44115

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, the Cleveland Metropolitan School District ("CMSD" or "the District"), appeals the trial court's denial of its motion to dismiss plaintiff-appellee's, Wilfredo Caraballo, complaint. We affirm in part and reverse in part.

{¶2} In 2012, Caraballo filed a nine-count complaint on behalf of his minor daughter K.C. against the CMSD and unidentified John Doe and Jane Doe individuals and John Doe entities. In the complaint, Caraballo alleged that on March 23, 2009, while eating lunch at her CMSD elementary school, K.C. was severely injured after she ate a burrito from the school cafeteria that contained a two-prong metal binder clip. Count 1 of the complaint alleged "willful, reckless and wanton misconduct"; Count 2 alleged negligence; Count 3 alleged res ipsa loquitur; Count 4 alleged breach of implied warranty of merchantability; Count 5 alleged breach of implied warranty of fitness for a particular purpose; Count 6 was a derivative claim for loss of consortium; Counts 7 and 8 alleged violations of state and federal regulations concerning school lunches and the Pure Food and Drug Act; and Count 9 alleged product liability.

{¶3} The CMSD, as a separate defendant, filed a motion to dismiss, arguing that it was immune from liability as a political subdivision and the court should dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). The trial court denied the motion and the District filed a timely appeal. The unidentified John and Jane Does and John Doe entities are not a party to this appeal.

{¶4} The District raises one assignment of error for our review:

The trial court erred in failing to dismiss the complaint against the Cleveland Metropolitan School District on the ground of statutory immunity.

<u>Motion to Dismiss</u>

{¶5} The purpose of a complaint is to notify the defendant of the legal claim against him or her. *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 10, 479 N.E.2d 275 (1985). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Id.* citing 5 Wright & Miller, Federal Practice 593, 598, Section 1357 (1969).

{¶6} We apply a de novo standard of review to the trial court's decision on a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

{¶7} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). And when considering a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four

corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶8} Therefore, when reviewing the CMSD's motion to dismiss, we will assume the allegations surrounding K.C.'s injuries as outlined in the complaint to be true.

Political Subdivision Immunity

{¶9} The CMSD's motion to dismiss was premised on the argument that it was entitled to political subdivision immunity. Whether a political subdivision is entitled to immunity is a purely legal issue, properly determined by a court prior to trial, but preferably on a motion for summary judgment. *Roe v. Hamilton Cty. Dept. of Human Servs.*, 53 Ohio App.3d 120, 126, 560 N.E.2d 238 (1st Dist.1998), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

{¶10} To determine whether the District is immune under the Political Subdivision Tort Liability Act, as it is codified in R.C. Chapter 2744, we employ a three-tiered analysis. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. The first tier of the analysis is the general rule that a political subdivision is immune

from liability incurred in performing either a governmental function or proprietary function. *Id.*, citing *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 733 N.E.2d 1141 (2000); R.C. 2744.02(A)(1).

{¶11} The parties in this case do not dispute that the District qualifies as a political subdivision as defined in R.C. 2744.01(F). Accordingly, its immunity is presumed and we proceed to the second tier. *Walsh v. Mayfield*, 8th Dist. Cuyahoga No. 92309, 2009-Ohio-2377, ¶ 11-12.

{¶12} "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Colbert* at ¶ 8. Thus, since immunity is presumed, Caraballo must demonstrate that an exception to the general rule of immunity as outlined in R.C. 2744.02(B) applies to expose the District to liability. *Sims v. Cleveland*, 8th Dist. Cuyahoga No. 92680, 2009-Ohio-4722, ¶ 13, citing *Walsh* at *id.*

{¶13} If any of the exceptions to immunity in R.C. 2744.02(B) apply and no defense in that section protects the political subdivision from liability, then the third tier is applied. *Colbert* at ¶ 9. In the third tier, a court looks to R.C. 2744.03 to determine whether any defenses in the section apply, thereby providing the political subdivision a defense against liability. *Id.* In other words, liability must be created under R.C. 2744.02(B) before it is necessary to apply the defenses or immunities set forth in R.C. 2744.03(A).

## Exceptions to Immunity

{¶14} Counts 2 through 9 of the complaint alleged negligence, res ipsa loquitur, loss of consortium, and various breaches of implied warranties, products liability claims, and violations of state and federal regulations that govern food service.

{¶15} As previously mentioned, the school district meets tier one of the *Cater* analysis as a political subdivision. Next, we must determine if one of the exceptions to immunity under R.C. 2744.02(B)(1)-(5) apply. The five exceptions are: (1) negligent operation of a motor vehicle by the political subdivision's employee; (2) negligent performance of acts by an employee of a political subdivision with respect to the political subdivision's proprietary functions; (3) the political subdivision's negligent failure to keep public roads in repair; (4) negligent creation or failure to remove physical defects in buildings and grounds; and (5) where another section of the Ohio Revised Code expressly imposes civil liability on a political subdivision. *Id.*; *Young v. Genie Industries United States*, 8th Dist. Cuyahoga No. 89665, 2008-Ohio-929, ¶ 17.

{¶16} According to Caraballo, the two exceptions to immunity that apply in this case are R.C. 2744.02(B)(2) and 2744.02(B)(4).

{¶17} R.C. 2744.02(B)(2) states, in part, that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Therefore, in order for the exception in R.C. 2744.02(B)(2) to apply, the District's provision of school lunches must be considered a proprietary function of the District. The CMSD argues that the serving of school lunches is a governmental function as set

forth in R.C. 2744.02(A)(1); therefore, the exception as outlined in R.C. 2744.02(B)(2) would not apply.

{¶18} Governmental functions include "[t]he provision of a system of public education." R.C. 2744.01(C)(2)(c). R.C. 3313.81 states, in material part:

> [t]he board of education of any * * * local school district may establish food service, provide facilities and equipment, and pay operating costs in the schools under its control for the preparation and serving of lunches, and other meals or refreshments to the pupils, employees of the board of education employed therein, and to other persons taking part in or patronizing any activity in connection with the schools.

{¶19} CMSD relies on the Seventh Appellate District's decision in *Taylor v. Boardman Twp. Local School Dist. Bd. of Edn.*, 7th Dist. Mahoning No. 08 MA 209, 2009-Ohio-6528, where the court determined that although the serving of school lunches was not expressly by statute a governmental function, it still qualified as such. The *Taylor* court reasoned:

> Although the language of R.C. 3313.81 does not necessarily require a local board of education to establish a food service, [R.C.] 3313.813(C) does obligate local boards of education to establish food service programs if certain basic conditions apply, as mandated by the "National School Lunch Act," or the "Child Nutrition Act of 1996." Sections 1751 and 1771, Title 42, U.S. Code. It can therefore be concluded that the provision of lunches is generally a necessary part of the provision of a system of public education, thus part of an obligation of sovereignty imposed on the state of Ohio. Boardman's provision of school lunches is thus a governmental function pursuant to R.C. 2744.01(C)(1)(a).
>
> * * *
>
> A board of education is the only entity permitted to create, supervise and regulate the provision of meals to students in school facilities. The provision of food within a school program is subject to strict rules, and is controlled by

statutory mandates in terms of the program's structure and day-to-day functioning. * * * Given the foregoing, the provision of school lunches to students in school facilities is an activity not customarily engaged in by nongovernmental persons. Boardman's provision of school lunches is thus a governmental function pursuant to R.C. 2744.01(C)(1)(c).

*Id.* at ¶ 21-23.

{¶20} Caraballo argues that the serving of school lunches may be a proprietary function since school districts are increasingly relying on non-governmental third-party entities to deliver, prepare, and serve school lunches. As such, he should be afforded the opportunity, as the plaintiff in *Taylor* was, to engage in discovery. This may establish, Caraballo contends, that the CMSD's system of food delivery, preparation, and serving does not constitute a governmental function.

{¶21} We agree with Caraballo to one extent. Putting aside the question of whether *Taylor* is factually distinguishable from this case and the fact that the decision is not binding on this court, *Taylor* was not decided on a Civ.R. 12(B)(6) motion, rather, it was decided on factual questions raised by summary judgment motions pursuant to Civ.R. 56.

{¶22} At this early stage of the proceedings, we cannot say with certainty that the serving of school lunches is a governmental function; further discovery is warranted.

{¶23} Caraballo further claims that the CMSD is subject to the immunity exception in R.C. 2744.02(B)(4), which holds political subdivisions "[l]iable for injury, death, or loss

to person or property that is caused by the negligence of their employees and occurs within or on the grounds of, and is due to physical defects within or on the grounds, of buildings that are used within the performance of governmental functions * * *."

**{¶24}** He contends that he may establish facts as alleged in the complaint by proving that the metal binder clip came to be in his child's food due to employee negligence and physical defects within or on the grounds of the school. As an example, Caraballo claims he may be able to establish that a physical defect on the grounds of the school led to the collapse of a negligently or recklessly located and/or maintained storage shelf which, in turn, led to the binder clip landing in the food preparation area. The CMSD argues that Caraballo did not properly plead this exception to immunity in his complaint because he did not allege that a physical defect on or in District property, coupled with employee negligence, led to K.C.'s injuries.

**{¶25}** Again, insofar as Caraballo has made a short, plain statement of his claim which, if accepted as true, would entitle him to relief, he should be permitted to engage in discovery to attempt to prove his claim.

**{¶26}** In regard to Caraballo's claim for loss of consortium, this claim "is derivative and, but for the primary cause of action by the plaintiff, would not exist." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, 924 N.E.2d 401, ¶ 32 (9th Dist.), citing *Bradley v. Sprenger Ents., Inc.*, 9th Dist. Lorain No. 07CA009238, 2008-Ohio-1988, ¶ 14. Because Caraballo's cause of action for loss of consortium is derived from, and dependent upon, the personal injury action that arose from the harm

suffered by his daughter, and we have determined that the complaint sets forth a cognizable claim against the District, the loss of consortium claim survives as well. *Moss* at *id.*

{¶27} Finally, considering Caraballo's allegations for breach of implied warranties, products liability, and violations of state and federal regulations that govern food service, at this early stage of litigation, we find that there is sufficient evidence on these claims to withstand the District's motion to dismiss.

R.C. 2744.03 Defenses

{¶28} Count 1 of Caraballo's complaint alleged a cause of action for "willful, wanton, and reckless conduct." Complaint ¶ 9, 10, 25.

{¶29} R.C. 2744.03 "lists defenses for political subdivisions once an exception to sovereign immunity has already been established." *Sims,* 8th Dist. Cuyahoga No. 92680, 2009-Ohio-4722, ¶ 16, citing *Cater*, 83 Ohio St.3d 24, 33, 697 N.E.2d 610 (1998).

{¶30} R.C. 2744.03(A)(5) provides that:

(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

* * *

(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶31} Caraballo alleged specifically that the District, "by and through its employees, willfully, wantonly, and recklessly failed to comply with duties they owed to a student" and "[a]s a direct and proximate result of the willful, reckless and wanton misconduct of Defendants, [K.C.] required substantial medical treatment and has incurred great physical and mental pain and suffering" and "incurred medical care, treatment and expense, incurred mental anguish and medical and other bills in excess of $13,408.44." Complaint ¶ 8, 9, 10.

{¶32} It is well-settled that R.C. 2744.03 does not create a cause of action or separately provide a basis for liability on a political subdivision; R.C. 2744.03(A)(5) is a defense to liability but cannot be used to establish liability. *Cater* at 32; *see Sims* at *id.*; *see also Glover v. Dayton Pub. Schools*, 2d Dist. Montgomery No. 17601, 1999 Ohio App. LEXIS 3706, *10 (Aug. 13, 1999) (holding that R.C. 2744.03 does not provide a separate basis for liability against the school district and is relevant only if one of the listed exceptions to immunity in R.C. 2744.02(B) has first been found to exist.); *Rush v. Mansfield*, N.D.Ohio No. 1:07-CV-1068, 2011 U.S. Dist. LEXIS 13689 (Feb. 11, 2011) (noting that R.C. 2744.03(A)(5) provides defenses to liability if one of the exceptions in R.C. 2744.03(B) is implicated; it cannot be used as an independent basis to impose liability.)

{¶33} Thus, it is only after an exception to a political subdivision's immunity has been established that a court proceeds to the third tier of the analysis to determine whether a defense in R.C. 2744.03 applies to relieve the political subdivision of liability.

**{¶34}** As such, allegations against the District that it acted in a willful, reckless, and wanton manner may be used as a defense to liability if immunity is established, but the allegation does not create a separate cause of action against the CMSD. Therefore, the CMSD's motion to dismiss should have been granted as to Count 1 of the complaint only.

<u>Future Claim of Immunity</u>

**{¶35}** Our decision today does not mean that the CMSD is foreclosed from making future immunity arguments. The court's denial of the District's motion to dismiss triggered its right to an interlocutory appeal under R.C. Chapter 2744, but does not constitute a "final denial of immunity." *Parsons v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266, ¶ 15; *see Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878 (denial of political subdivision's motion to dismiss predicated on an immunity argument is a final appealable order, but does not foreclose a future finding of immunity.)

**{¶36}** All that is required at this stage of the proceedings is for the court to determine whether, when viewing all factual allegations as true in the complaint, Caraballo has shown he can prove any set of facts entitling him to relief. Civ.R. 12(B)(6); *see Parsons* at *id.* When viewing the complaint in this light, Caraballo has made a colorable claim for relief. But it cannot be decided at this early stage whether the CMSD is immune from liability; further discovery is warranted to make that final determination.

**{¶37}** In sum, the trial court did not err in denying the District's motion to dismiss pursuant to Civ.R. 12(B)(6), except as to Count 1 of the complaint. The trial court should

have granted the motion to dismiss as to Count 1 of the complaint.

**{¶38}** Judgment affirmed in part and reversed in part.

**{¶39}** Accordingly, the case remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR