[Cite as *Akron v. Staab*, 2015-Ohio-5099.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| CITY OF AKRON | C.A. No. 27678 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICIA STAAB, et al. | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 14 CVF 8952 |

DECISION AND JOURNAL ENTRY

Dated: December 9, 2015

WHITMORE, Judge.

{¶1} Appellant, Patricia Staab, appeals the judgment of the Akron Municipal Court granting a monetary judgment against her in favor of the City of Akron ("City"). This Court reverses.

I

{¶2} After finding property owned by Staab in an "extremely littered" condition, the City ordered her to clean up the property. The City's notice to Staab warned:

> If you fail to correct the violations noted above, or to timely appeal, the City of Akron will abate the violations at the owner's expense. In addition to the cost incurred by the City of Akron to abate the condition(s), an administrative charge of $200.00 will be assessed. * * * Failure to pay the assessment will result in the total amount due being forwarded to the County Auditor, to be entered upon the tax duplicate as a lien upon the land.

When Staab failed to correct the violation, the City hired a company to remove the litter at a cost of $2,842.26.

{¶3} Thereafter, the City filed a complaint against Staab "for money due [for] anti-litter costs and fees." (Emphasis deleted.) The complaint alleged that Staab violated Akron City Ordinance ("A.C.O.") 95.13 by failing to maintain the property litter-free. The complaint further alleged that, after ordering Staab to clean up the property and finding continued non-compliance, "[t]he City acted in removing the offending litter pursuant to [A.C.O.] 95.06 through 95.14." The City asserted that it was authorized by A.C.O. 95.17 to charge the property owner the cost of the clean-up and an administrative fee. The City sought judgment against Staab in the amount of $3,042.26 plus court costs and interest.

{¶4} Staab moved for summary judgment arguing that, pursuant to A.C.O. 95.17(E), the City's remedy was limited to placing a lien on the property. Consequently, she contended that the complaint seeking a personal judgment against her should be dismissed. The City also moved for summary judgment and filed a memorandum in opposition to Staab's motion for summary judgment. In its opposition memorandum, the City asserted that R.C. 715.261 authorized the filing of a civil action "to recover costs incurred when abating a nuisance." The trial court granted judgment in favor of the City against Staab.

{¶5} Staab appeals raising one assignment of error for our review.

Assignment of Error

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR PLAINTIFF-APPELLEE AND BY FAILING TO GRANT SUMMARY JUDGMENT FOR DEFENDANT-APPELLANT.

{¶6} Under her assignment of error, Staab advances two alternative arguments that she was entitled to summary judgment and the City was not. First, she argues that the City's complaint did not include a claim under R.C. 715.261, which was raised for the first time in opposition to her motion for summary judgment. Second, she argues that the City's exercise of

its home rule authority restricted its remedies under A.C.O. 95.17(E), and therefore, it could not avail itself of the remedies in R.C. 715.261. Because we agree that the City could not assert a new claim in opposition to Staab's motion for summary judgment, we do not reach Staab's second argument.

{¶7} We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co*., 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). A party cannot fulfill its burden by asserting new claims in response to a motion for summary judgment. *Bradley v. Sprenger Enterprises, Inc*., 9th Dist. Lorain No. 07CA009238, 2008-Ohio-1988, ¶ 8.

{¶8} Throughout the complaint, the City referenced provisions of A.C.O. Chapter 95, its anti-litter ordinance. The City alleged that Staab had violated A.C.O. 95.13 by failing to keep the property free of litter. The City further alleged that it acted pursuant to A.C.O. 95.06 to 95.14 to have the litter removed. The complaint stated that the City was authorized to charge the property owner for the costs of the clean-up and an administrative fee pursuant to A.C.O. 95.17.

{¶9} Staab moved for summary judgment arguing that the complaint should be dismissed because she had "no personal liability to pay the alleged expenses for the litter clean

up or the administrative fees" because the remedy in A.C.O. 95.17(E) is "exclusively in rem." (Emphasis deleted.) A.C.O. 95.17(E) provides:

> Expenses as a Lien.  All expenses [ ] incurred in removing the litter by the Director of Neighborhood Assistance, together with an administrative charge and/or fine as described hereafter shall be reported to the Director of Finance, who shall mail a statement thereof to the owner of the property, if his address is known.  If after thirty days, the amount remains unpaid, the Director of Finance shall certify the total amount of the expense, the name of the owner of the land, and a sufficient description of the premises, to the Auditor of Summit County, to be entered upon the tax duplicate, to be a lien on the land from the date of entry, to be collected as other taxes and assessments and returned to the city, pursuant to R.C. § 731.54.

A.C.O. 95.17(E).  R.C. 731.54 enables a city to certify expenses it incurs in cutting noxious weeds and removing litter to the county auditor for placement on the tax duplicate as a lien against the property.

{¶10} In response, the City did not argue that any provision in its anti-litter ordinance permitted it to seek a monetary judgment against Staab.  Rather, the City acknowledged that A.C.O. 95.17(E) provided it the ability to certify the costs of the clean-up to the auditor to be entered on the tax duplicate and collected as other taxes and assessments.  But, it continued "that is not the only remedy available to the City."  Then, for the first time in this action, the City cited R.C. 715.261 as authority for bringing a civil action against a property owner to recover the costs incurred.

{¶11} R.C. 715.261(B) lists three methods for collecting the cost of certain "abatement activities."  One method is "a civil action to recover the total costs from the person that held title to the parcel at the time the costs were incurred." R.C. 715.261(B)(2).  In order to proceed under R.C. 715.261(B), the cost must be incurred for an "abatement activity" as defined in R.C. 715.261(A)(2). "Abatement activit[ies]" include remedial measures regarding certain building

conditions, emergency corrections of hazardous conditions, and "[a]batement of any nuisance." R.C. 715.261(A)(2).

{¶12} The City's complaint did not identify any of the abatement activities listed in the statute. The City's complaint alleged that Staab "failed to maintain the [p]roperty free of litter" and "[t]he City acted in removing the offending litter." The City contends, on appeal, that "[b]ecause Akron lawfully abated litter from the property pursuant to its ordinances * * * Akron is entitled to recover its costs pursuant to R.C. 715.261." The City's argument interchanges the words "litter" and "nuisance" without citing any authority for doing so.

{¶13} The sole claim asserted by the City in its complaint was for the cost incurred in removing litter and an administrative fee under A.C.O. 95.17. While it is arguably possible that the litter amounted to a nuisance, motions for summary judgment are directed at claims that have been asserted in a case, "not against some hypothetical, intended, or speculative claim that may later be filed." *Alden v. Kovar*, 11th Dist. Nos. 2007-T-0114 and 2007-T-0115, 2008-Ohio-4302, ¶ 69. The City did not allege in its complaint that the litter was a nuisance, which it abated. It cannot use its response to Staab's motion for summary judgment to broaden its claim beyond what it pled in its complaint.

{¶14} Staab's assignment of error as it relates to the City raising a new claim in opposition to her motion for summary judgment is sustained. In light of our disposition of Staab's first argument, her second argument is moot. *See* App.R. 12(A)(1)(c).

III

{¶15} Staab's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DEAN KONSTAND, Attorney at Law, for Appellant.

PATRICIA AMBROSE RUBRIGHT, Director of Law, and JOHN R. YORK, Assistant Director of Law, for Appellee.